**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chester Lee Marks, | No. CV-25-03463-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, et al., | |
| Defendants. | |

Before me are three motions filed by pro se Plaintiff Chester Lee Marks. (Docs. 6, 12, 13.) They include a Motion to Remand, (Doc. 6); a Motion for Summary Judgment, (Doc. 12); and a Motion for Judgment as a Matter of Law, (Doc. 13).

Also pending before me are two motions filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Elizabeth Cortez (collectively, "Defendants"): a Motion to Dismiss, (Doc. 5); and a Motion to Strike Plaintiff's Motion for Summary Judgment, (Doc. 14). Each of the pending motions is addressed below.

I.      FACTUAL BACKGROUND

Marks alleges that he is a long-time Wells Fargo customer who visited a downtown Phoenix branch on November 9, 2024 to begin a pre-qualified personal loan application. (Doc. 1-1 at ¶¶ 6, 10.) Because of difficulty with his eyesight, Marks asked the bank representative to complete the application on his behalf. (*Id.* at ¶¶ 6–7.) The representative attempted to send the application questionnaire to Marks's email address, but Marks could not locate the email, so the two agreed to resume the application at a later date. (*Id.* at

¶¶ 7–8.)

On December 10, 2024, Marks returned to Wells Fargo to continue the application process. (*Id.* ¶ 9.) According to Marks, branch manager Elizabeth Cortez told him "that she saw a bug on [his] clothing and [he] need[ed] to go to another Wells Fargo Bank for banking." (*Id.*) Marks alleges that his application was never completed and that Cortez "permanently banned" him from "using inside banking" at Wells Fargo. (*Id.* at ¶ 10.)

Marks asserts that these events violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment, and he seeks $1 million in compensatory damages and $2 million in punitive damages. (*Id.* at ¶¶ 11–19; Doc. 1-2 at 4.)

## II.     PROCEDURAL HISTORY

Marks filed this action in Maricopa County Superior Court on August 12, 2025. (Doc. 1-1.) Defendants were served with the Summons and Complaint on August 21, 2025. (Doc. 1 at ¶ 2.) Before removal, Marks filed three motions in state court: (1) a "Motion for Arbitration Hearing" on September 2, 2025; (2) a "Motion for Production of Document" on September 8, 2025; and (3) a "Motion to Dismiss Defendants Answer" on September 15, 2025 (despite Defendants having filed no answer). (*Id.* at ¶¶ 14–16.)

On September 19, 2025, Defendants removed the action to this Court, invoking federal-question jurisdiction under 28 U.S.C. § 1331 because Marks exclusively asserts claims under the United States Constitution. (*Id.* at 1, 3.)

On September 26, 2025, Defendants filed their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Marks's claims fail as a matter of law because Defendants are private actors, no constitutionally protected interest is implicated, and Marks pleads no viable equal protection theory. (Doc. 5 at 3–8.) Marks responded, (Doc. 7), and Defendants replied, (Doc. 8).

On September 30, 2025, Marks filed a Motion to Remand, asserting that removal was improper because pending state-court motions had not been resolved, Federal Rule of Civil Procedure 21.1 provides a basis for remand, and removal required Marks's consent. (Doc. 6.) Defendants responded, (Doc. 11), and Marks did not reply.

On October 14, 2025, Marks filed a Motion for Summary Judgment under Federal Rule of Civil Procedure 56.  (Doc. 12.)  Then, on October 20, 2025, Marks filed a Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50(a).  (Doc. 13.)  Both motions were filed before the close of pleadings, before any discovery, and without supporting evidentiary materials or a separate statement of facts.  (*See* Docs. 12, 13.)  On October 21, 2025, Defendants moved to strike Marks's Motion for Summary Judgment as procedurally defective. (Doc. 14.)  On October 29, 2025, Defendants responded to Marks's Motion for Judgment as a Matter of Law.  (Doc. 15.)[1]

### III.    MOTION TO REMAND

In his Motion to Remand, Marks implicitly challenges my subject matter jurisdiction over this action.  (Doc. 6.)  Because subject matter jurisdiction is a threshold issue, I address the Motion to Remand before turning to the merits of the other pending motions.  *See*, *e.g.*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." (cleaned up)); *id.* (rejecting the practice of "assuming jurisdiction for the purpose of deciding the merits" (quotation marks omitted)).  For the reasons set forth below, I find that I have subject matter jurisdiction over this action.

### A.    Legal Standard

Where, as here, a plaintiff moves to remand, I must determine whether I may assert federal subject matter jurisdiction.  A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441(a).   "District courts are courts of limited jurisdiction, and that jurisdiction is defined by federal statute—subject, of course, to constitutional limitations." *Tesla Motors, Inc. v. Balan*, 134 F.4th 558, 560 (9th Cir. 2025).  The two main "kinds of cases" over which Congress has granted jurisdiction are "federal question cases and

---

[1]    Neither party has requested oral argument on any of the pending motions, and it is not necessary, so these motions are decided without holding a hearing.  *See* LRCiv 7.2(f).

diversity cases." *Id.* (quotation marks omitted).  Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The "burden is on the party removing the case from state court to show the exercise of federal jurisdiction is appropriate." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 (9th Cir. 2013) (quotation marks omitted).

**B.     Analysis**

I have federal-question jurisdiction under 28 U.S.C. § 1331.  Marks expressly invokes the Due Process and Equal Protection Clauses of the Fourteenth Amendment and seeks damages for purported constitutional violations.  (Doc. 1-1 at 3–4; Doc. 1-2 at 4.) That alone establishes original jurisdiction and supports removal under 28 U.S.C. § 1441(a).

Marks nonetheless moves to remand on three grounds: (1) that pending motions in state court precluded removal; (2) that Federal Rule of Civil Procedure "21.1" provides a basis for remand; and (3) that removal required his approval.  (Doc. 6.)  These arguments are meritless.

First the existence of unresolved state-court motions does not preclude removal. Nothing in 28 U.S.C. § 1446, which governs the procedure for removal of civil actions to federal court, conditions removal on the prior disposition of pending state-court motions. To the contrary, this District's Local Rules expressly contemplate that motions may remain pending at the time of removal and provide a mechanism for addressing them in federal court. *See* LRCiv 3.6(d).

Second, there is no Federal Rule of Civil Procedure 21.1.  To the extent Marks intended to invoke Rule 21, that rule addresses misjoinder and nonjoinder of parties and has no bearing on removal.

Third, removal does not require a plaintiff's consent.  Neither the Federal Rules of Civil Procedure nor the Local Rules of the District of Arizona—nor any other applicable authority—require a defendant to confer with a plaintiff before exercising its statutory right to remove a case to federal court.  Removal is a unilateral statutory right granted to

- 4 -

defendants by Congress under 28 U.S.C. §§ 1441 and 1446 and requires no notice to, consent from, or conferral with the opposing party prior to filing. Section 1446 requires the consent of properly joined and served defendants, not of the plaintiff. *See* 28 U.S.C. § 1446(b)(2)(A).

Because removal was proper and I have subject matter jurisdiction, the Motion to Remand will be denied.

**IV.    MOTION TO DISMISS**

Having determined that I have subject matter jurisdiction over this action, I proceed to address Defendants' Motion to Dismiss.

**A.    Legal Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true" and construed in a light most favorable to the plaintiff, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). A claim is plausible if the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In making this determination, legal conclusions are not accepted as true, nor are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" considered. *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). That said, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). A "well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable, and [ ] a recovery is very remote and unlikely." *Id.* at 556 (citation modified).

I liberally construe the pleadings of pro se plaintiffs. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quotation marks omitted). "A liberal construction of a pro se complaint, however, does not mean that the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32

F.4th 764, 774 (9th Cir. 2022).

**B.    Analysis**

Marks's claims arise under the Fourteenth Amendment.  By its plain terms, that Amendment "prohibits only state action" and "erects no shield against merely private conduct, however discriminatory or wrongful."  *United States v. Morrison*, 529 U.S. 598, 621 (2000) (quotation marks omitted); *see also Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003) ("The United States Constitution protects individual rights only from *government action*, not from *private* action.").  Accordingly, "the party charged with the [constitutional violation] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Private conduct may be treated as state action "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself."  *Single Moms*, 331 F.3d at 747 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2000)).  The Ninth Circuit recognizes that a private actor's conduct may be attributed to the State when the private actor is "controlled by an agency of the State, when it has been delegated a public function by the State, when it is entwined with governmental policies, or when government is entwined in its management or control."  *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quoting *Brentwood Acad.*, 531 U.S. at 296).

Marks does not satisfy any of these tests.  Wells Fargo is a private national bank, and Elizabeth Cortez is alleged to be its branch manager.  Marks does not allege that any government entity directed Defendants' challenged conduct, that the State delegated any public function to Wells Fargo, or that Wells Fargo's customer-service operations are entwined with governmental policy or control.  The factual allegations describe only ordinary private commercial activity: a branch manager observed what she believed to be an insect on a customer's clothing, told him he could no longer conduct in-person banking at that location, and the customer's loan application was not completed at that location. (Doc. 1-1 at ¶¶ 6–10.)  Those allegations describe a private business decision—not action

under color of state law.

Marks's Response does not address, let alone cure, the deficiency. He invokes Wells Fargo's internal "code of conduct" and cites *Perkins v. Blauth*, 127 P. 50 (Cal. 1912), but neither establishes state action. A private company's internal policies are themselves private; they do not convert the company into a state actor or its conduct into governmental action. And *Perkins*—a century-old California state-court decision concerning the tort liability of reclamation district trustees—has no bearing on whether a bank acts under color of state law. Marks identifies no statute, regulation, or factual circumstance that would permit me to treat Defendants as state actors. The threshold requirement for any Fourteenth Amendment claim is therefore absent.

Because the absence of state action is dispositive, I need not address Defendants' alternative arguments that Marks has failed to plead a protected liberty or property interest or a viable equal protection claim. Accordingly, Defendants' Motion to Dismiss will be granted.

### C.    Leave to Amend

If a pleading can be cured by the allegation of other facts, a pro se litigant is typically entitled to an opportunity to amend a complaint before dismissal of the action. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). A finding of futility may justify denying leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Amendment is futile when "no amendment would allow the complaint to withstand dismissal as a matter of law." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020).

Amendment would be futile in this case. The deficiency in Marks's Complaint is not a factual gap that further pleading could fill; it is a structural legal barrier. Wells Fargo is a private banking institution, and Elizabeth Cortez is alleged to be its employee. No factual amendment could convert their conduct in a routine customer-service interaction into action taken under color of state law. Because the absence of state action cannot be remedied by amendment, Marks's Complaint will be dismissed without leave to amend.

## V.     REMAINING MOTIONS

In light of the dismissal of the Complaint, I will deny Marks's Motion for Summary Judgment (Doc. 12), Marks's Motion for Judgment as a Matter of Law (Doc. 13), and Defendants' Motion to Strike Marks's Motion for Summary Judgment (Doc. 14) as moot.

## VI.     CONCLUSION

For the foregoing reasons, I conclude that I have subject matter jurisdiction over this action because Marks's Complaint exclusively asserts claims under the United States Constitution.  Marks's Motion to Remand will be denied.  On the merits, Marks has failed to state a claim under the Fourteenth Amendment because the Complaint pleads no facts overcoming the presumption that Defendants—a private bank and its branch manager— are not state actors.  Because that deficiency is a structural legal barrier that no amendment could cure, the Complaint will be dismissed without leave to amend.  Marks's remaining dispositive motions and Defendants' Motion to Strike will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 12),  Plaintiff's Motion for Judgment as a Matter of Law (Doc. 13), and Defendants' Motion to Strike (Doc. 14) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 3rd day of August, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

- 8 -